**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

AERSALE, INC.,
a Delaware Corporation,

      Plaintiff,

v.

                                                    Case 2:22-cv-00218-MIS-DLM

THE CITY OF ROSWELL,
NEW MEXICO, a New Mexico
Municipal Corporation,
STEPHEN CHRISTOPHER, and
SCOTT STARK,

      Defendants.

## ORDER GRANTING DEFENDANTS CITY OF ROSWELL AND SCOTT STARK'S PARTIAL MOTION TO DISMISS CONCERNING PLAINTIFF'S NEGLIGENCE CLAIM

**THIS MATTER** is before the Court on Defendants City of Roswell and Scott Stark's Partial Motion to Dismiss Concerning Plaintiff's Negligence Claim ("Motion"), filed April 10, 2023. ECF No. 42. On April 25, 2023, Defendant Stephen Christopher filed a Notice of Joinder in Partial Motion to Dismiss Filed by Defendants' City of Roswell and Scott Stark ("Notice of Joinder"). ECF No. 47. On May 24, 2023, Plaintiff AerSale, Inc. filed a Response to the Motion and Notice of Joinder. ECF No. 53. On June 23, 2023, the City of Roswell and Scott Stark filed a Reply, ECF No. 65, and Stephen Christopher filed a separate Reply (in which he also joined in the City and Scott Stark's Reply), ECF No. 64. Upon review of the Parties' submissions, the record, and the relevant law, the Court **GRANTS** the Motion.

I.   **Background**[1]

AerSale Inc. ("Plaintiff") is a global supplier of aftermarket commercial jet aircraft, engines, and parts that also offers maintenance, repair, overhaul, and engineering services. ECF No. 38 ¶ 6. The City of Roswell, New Mexico ("the City") owns and operates the Roswell Air Center ("ROW"), an airport in Chaves County, New Mexico. Id. ¶ 7. Plaintiff and the City are parties to a Lease Agreement, dated May 9, 2019, respecting Hangar No. 85 at ROW, which Plaintiff has leased from the City for at least twelve years. Id. ¶ 9.

On February 4, 2022, the Deputy Director of ROW, Defendant Stephen Christopher ("Defendant Christopher"),

> effected a search of and raid on AerSale by airport security personnel at areas of AerSale's business at ROW where AerSale had a reasonable expectation of privacy and effected a lockout of AerSale, preventing AerSale from conducting operations at ROW, by suspending all AerSale employee badges and notifying AerSale that no AerSale employee was allowed in any AOA area at ROW.

Id. ¶ 11. This was done with the City's knowledge, and in concert with, by agreement with, and at the direction of Defendant Scott Stark ("Defendant Stark"). Id. The lockout shut down Plaintiff's business for a time, resulting in a loss of revenue of approximately $123,000, preventing Plaintiff from fulfilling its contractual obligations to customers, and causing Plaintiff's performance of its contracts with customers to be more expensive and burdensome. Id. ¶ 12.

Additionally, on January 27, 2022, Defendants issued a notice to Plaintiff stating that as of April 1, 2022, no aircraft could be parked in a large area near Hangar 85 ("Zone of Exclusion") that Plaintiff used for twelve years with the City's knowledge and without objection from the City, including for parking and performing maintenance on aircraft. Id. ¶¶ 20, 24. Defendants then

---

[1] The Court accepts the truth of all well-pleaded factual allegations in Plaintiff's Second Amended and Supplemental Complaint ("Second Amended Complaint") and draws all reasonable inferences in Plaintiff's favor.

accelerated this mandate to discontinue use of the Zone of Exclusion by March 25, 2022. Id. ¶ 21. Plaintiff's parking and aircraft maintenance around Hangar 85, including within the Zone of Exclusion, is critical to Plaintiff's business and to the fulfillment of its contracts with its customers. Id. ¶ 25. Plaintiff's "exclusion from the Zone of Exclusion has harmed, is harming, and will continue harming AerSale's business and causing AerSale damages and threatening AerSale's ability to operate at ROW, which was a goal of Defendants' unlawful actions alleged herein." Id. ¶ 28.

On March 25, 2022, Plaintiff filed its original Complaint against the City only, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1.

On February 27, 2023, Plaintiff filed the operative Second Amended Complaint against the City and, for the first time, Defendants Christopher and Stark. ECF No. 38. The only count relevant to the instant Motion is Count IV, which asserts a claim for negligence.[2] Id. ¶¶ 48-52.

On April 10, 2023, the City and Defendant Stark filed the instant Motion seeking to dismiss the negligence claim only. ECF No. 42.

On April 25, 2023, counsel entered an appearance on behalf of Defendant Christopher, ECF No. 46, and filed a Notice of Joinder in the Partial Motion to Dismiss Filed by the City and Defendant Stark, ECF No. 47.

On May 24, 2023, Plaintiff filed a Response to the Motion and Notice of Joinder. ECF No. 53.

---

[2] The Second Amended Complaint also asserts claims under 42 U.S.C. §§ 1983 & 1985, a claim under New Mexico state law for breach of the covenant of good faith and fair dealing, and a claim for a declaratory judgment. ECF No. 38 ¶¶ 37-47, 53-59.

On June 23, 2023, the City and Defendant Stark filed a Reply, ECF No. 65, and Defendant Christopher filed a separate Reply in which he joins the Reply filed by the City and Defendant Stark, ECF No. 64.

On September 5, 2023, Plaintiff filed a Surreply with the Court's leave. ECF No. 77.

## II.   Legal standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." Id. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. Twombly, 550 U.S. at 555. Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1281 (10th Cir. 2021).

## III.   Discussion

Defendants move to dismiss only Count IV of the Second Amended Complaint, which asserts a negligence claim. ECF No. 42. Count IV incorporates all prior allegations, and asserts the following additional allegations:

> 49.   Defendants owed Plaintiff a duty of care to Plaintiff [sic] in their management of ROW, including a duty to ensure that ROW personnel were properly qualified, including for hiring and retention, and trained and were not

4

> acting improperly or illegally to harm those, like Plaintiff, conducting business at ROW and to ensure that common areas, such as the Hangar 85 apron, were accessible to and usable by tenants such as Plaintiff.
>
> 50.  Defendants breached that duty of care.
>
> 51.  Defendants foresaw and should reasonably have foreseen that their breaches of their duties of care would cause harm to Plaintiff.
>
> 52.  Defendants' breaches of their duties of care have caused substantial damages to Plaintiff and, in the case of the exclusion from the Hangar 85 apron, continue to cause substantial damages to Plaintiff.

Id. ¶¶ 49-52.

Defendants argue that they are entitled to sovereign immunity on the negligence claim because the New Mexico Tort Claims Act ("NMTCA") preserves sovereign immunity against tort claims unless specifically waived, and no waiver applies here. ECF No. 42 at 3. They argue that the only two waivers that could potentially apply are the waivers for liability for damages resulting from "bodily injury, wrongful death or property damage" caused by the negligence of public employees while acting within the scope of their duties (1) "in the operation or maintenance of any building, public park, machinery, equipment or furnishings[,]" N.M. Stat. Ann. § 41-4-6; or (2) "in the operation of airports[,]" N.M. Stat. Ann. § 41-4-7. Id. at 3-4. They argue that neither of these waivers apply because Plaintiff has not alleged bodily injury, wrongful death or property damage. Id. at 4. They argue that although no court has specifically addressed the issue, this Court should find that physical damage to person or property is required for the waiver to apply. Id. (citing Hunt v. Cent. Consol. Sch. Dist., 951 F. Supp. 2d 1136, 1240 (D.N.M. 2013); Holguin v. Tsay Corp., 210 P.3d 243, 245 (N.M. Ct. App. 2009)). They argue that this interpretation is supported by New Mexico's method for calculating property damage, which is the difference between the fair market value of the property before the relevant incident and the value of the

property immediately after the relevant incident. Id. at 5 (citations omitted). Finally, they argue that Plaintiff's claims are contract claims, not tort claims. Id. at 5-6.

In its Response, Plaintiff argues that the waiver in Section 41-4-7 applies because "property damage" includes lost use of tangible property, including leased property, that is not physically injured. ECF No. 53 at 4, 8. It argues that this interpretation is supported by insurance contracts, which define "property damage" as both physical damage to property and loss of use of property that is not physically injured. Id. at 4 (citations omitted); see also id. at 8 ("Because commercial insurance contracts define 'property damage' to include loss of use of tangible property that is not physically injured, the NMTCA's use of 'property damage' in its waiver provisions includes loss of use of tangible property that is not physically injured."). It argues that "[i]nsurance is relevant as a matter of law to the interpretation of 'property damage' as used in the NMTCA." Id. at 5 (citing Holguin, 210 P.3d at 245). It argues that "[t]o interpret 'property damage' as used in the NMTCA waivers, including § 41-4-7, the Court must look to the NMTCA as a whole, including its insurance provisions." Id.; see also id. at 6-7 (citing Risk Mgmt. Div. v. McBrayer, 14 P.3d 43, 45-50 (N.M. Ct. App. 2000)).

Plaintiff also argues that Defendant Christopher's Notice of Joinder in the City and Defendant Stark's Motion "is not sufficient in lieu of an answer under Rule 12[,]" id. at 9, and therefore even if the Court grants the City and Defendant Stark's Motion, it should not grant it as to Defendant Christopher, id.

In their Reply, Defendants argue that the Court's interpretation of "property damage" should not guided by the definitions in insurance policies which often specify coverage for "loss of use" of property. ECF No. 65 at 2. Rather, they argue that legislative intent should be gleaned from the plain language of the statute, and the plain language of the NMTCA does not waive

6

immunity for negligence resulting in "loss of use" of property. Id.  They argue that "Plaintiff falsely equates governmental tort liability with governmental insurability." Id.  Defendants further argue that Plaintiff's negligence claim sounds in contract and not in tort. Id. at 3.  In this regard, they note that the negligence claim alleges that "Defendants owed Plaintiff a duty of care . . . to ensure that common areas, such as the Hangar 85 apron, were accessible to and usable by tenants such as Plaintiff." ECF No. 38 ¶ 49.  Defendants argue that "[t]his alleged duty arises out of the contractual relationship between the parties" and "would not exist but for the contract." Id.  As such, they argue that Plaintiff's negligence claim "is barred not only by the NMTCA but also by the lack of an alleged duty independent of the contract." Id.  Defendant argues that Plaintiff's remedies for this alleged breach are contractual remedies. Id. at 4; see also id. ("Plaintiff cannot bring a negligence claim by merely cloaking its contractual claim in tort terminology.").

Defendant Christopher additionally argues that he filed his Notice of Joinder within fourteen days of being personally served with the Second Amended Complaint. ECF No. 64 at 1-2.  He argues that Plaintiff has cited no authority in support of its position that joining in a codefendant's motion to dismiss in lieu of an answer is impermissible. Id. at 2 (citing D.N.M.LR-Civ. 7.3(a)).  He further argues that the Court should not find that he is in default because he has clearly appeared and defended this action. Id. at 2-4.

Plaintiff filed a surreply arguing that the City's own insurance policy, which it obtained through discovery after it filed its Response brief, see ECF No. 72 at 2, "defines 'property damage' to include '[l]oss of use of tangible property that is not physically injured,'" ECF No. 77 at 2 (citing New Mexico Self Insurer's Fund Liability Plan, ECF No. 77-1 at 2).  It argues that because loss of use is included in the definition of "property damage" in insurance policies, it should be included in the definition of "property damage" under the NMTCA. Id. at 2-3.  It argues that the legislature

7

"had no need to" define "bodily injury, wrongful death or property damage" in the NMTCA "since they already had meanings ascribed to them as tort and insurance terms." Id. at 3.

### A. Notice of Joinder

Initially, the Court finds that Defendant Christopher properly joined in the City and Defendant Stark's Motion. Pursuant to Rule 12(a), "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint[.]" Fed. R. Civ. P. 12(a)(1)(A)(i). Pursuant to Rule 15(a), "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). However, a defendant may file a motion to dismiss under Rule 12(b) in lieu of filing an answer. Robles v. Amarr Garage Doors, No. 11–2707–JAR, 2012 WL 1563933, at *1 (D. Kan. May 3, 2012). Pursuant to the Local Rules of the District of New Mexico, "[a] party may adopt by reference another party's motion . . . ." D.N.M.LR-Civ. 7.1(a).

Here, Plaintiff served Defendant Christopher with summons and the Second Amended Complaint on April 13, 2023. ECF No. 43. Twelve days later—on April 25, 2023—Defendant Christopher filed his Notice of Joinder, stating that he joined in his codefendants' Rule 12(b) Motion. ECF No. 47. The Court finds that filing a notice of joining in a codefendant's Rule 12(b) motion in lieu of filing an answer is permissible under Local Rule 7.1(a). See Cook v. Bd. of Cnty. Comm'rs for Cnty. of Curry, No. 2:16-CV-00597 JCH/CG, 2018 WL 555458, at *1 n.1 (D.N.M. Jan. 23, 2018) (noting that a defendant filed a notice that she was joining in her codefendants' Rule 12(b) motion in lieu of filing an answer).

B.  **Motion to Dismiss**

"The NMTCA preserves sovereign immunity against tort claims for state governmental entities and public employees acting in the scope of their duties, except as specifically waived." Fernandez v. Mora-San Miguel Elec. Co-op., Inc., 462 F.3d 1244, 1250 (10th Cir. 2006) (citing N.M. Stat. Ann. § 14-4-4(A)).  "Thus, if no specific waiver can be found in the NMTCA, a plaintiff's complaint against the governmental entity or its employees must be dismissed." Green v. Padilla, 484 F. Supp. 3d 1098, 1141-42 (D.N.M. Sept. 4, 2020).

Here, Plaintiff appears to rely solely on the waiver contained in Section 41-4-7, see ECF No. 53 at 8, which waives immunity for "liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation of airports." N.M. Stat. Ann. § 41-4-7.

The Court finds that this waiver does not apply because the Second Amended Complaint does not allege "property damage" as that term is contemplated in the NMTCA. See Hunt, 951 F. Supp. 2d at 1240-41.  In Hunt, Judge Browning found that the waiver of immunity for "bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings[,]" N.M. Stat. § 41-4-6, required physical damage to person or property.  951 F Supp. 2d at 1140-41.  Because his reasoning is highly relevant to the Court's inquiry, the Court reproduces it in substantial part below:

> Although no New Mexico state court or federal court appears to have addressed whether N.M.S.A.1978, § 41–4–6(A)'s sovereign immunity waiver applies to physical property damage only, New Mexico case law supports finding that physical damage is required for the waiver to apply.  Federal courts must determine what a state's Supreme Court would do if confronted with the same issue.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).  The Court of Appeals of New Mexico three years ago, in Holguin v. Tsay Corp.,

9

addressing a similar sovereign immunity waiver, held that "the words 'bodily injury' and 'property damage' unambiguously require physical damage to a ... person or property." 2009–NMCA–056, ¶ 10, 146 N.M. 346, 210 P.3d 243 (emphasis added). Although the Court of Appeals of New Mexico was not considering N.M.S.A.1978, § 41–4–6(A), as it was construing the Tribal–State Class III Gaming Compact between the State of New Mexico and the Ohkay Owingeh Nation, the two waivers both compensate for bodily injury and property damage. Compare 2009–NMCA–056, ¶ 6, 146 N.M. 346, 210 P.3d 243 (quoting the tribal waiver: "[T]he Tribe ... waives its defense of sovereign immunity in connection with any claims for compensatory damages for bodily injury or property damage ..."), and N.M.S.A.1978, § 41–4–6(A) (waiving immunity for "damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings"). The case in which that provision was originally construed, R & R Deli, Inc. v. Santa Ana Star Casino, stated that the waiver's use of the phrase "property damage" indicates that it is intended to cover physical harms, especially in light the word safety's inclusion in another subsection of the compact:

> Section 8 consistently uses the phrase "bodily injury" in conjunction with the phrase "property damage." The juxtaposition of these terms indicates that the drafters of the gaming compact were referring to physical harms to persons or property. Second, Section 8(A) begins by referencing the importance of "the safety and protection" of visitors. The use of the word "safety" again indicates that the drafters were referring to physical damage to persons or property when they worded the waiver.

R & R Deli, Inc. v. Santa Ana Star Casino, 2006–NMCA–020, ¶ 21, 139 N.M. 85, 128 P.3d 513 (emphasis added). The Supreme Court of New Mexico has held that "[s]ection 41–4–6 ... contemplates waiver of immunity where due to the alleged negligence of public employees an injury arises from an unsafe, dangerous, or defective condition on property owned and operated by the government." Castillo v. Santa Fe Cnty., 107 N.M. 204, 205, 755 P.2d 48, 49 (1988) (emphasis added). These cases thus support finding that § 41–4–6(A)'s sovereign immunity waiver applies only in cases of physical "property damage." N.M.S.A.1978, § 41–4–6(A).

Id. Because the plaintiffs' well-pleaded allegations did not "plausibly allege that the[ir] persons or property were physically damaged as a result of any alleged tort," Judge Browning found that the waiver of immunity in Section 41-4-6 did not apply. Id. at 1242.

10

The Court finds that Judge Browning's reasoning is persuasive and applies equally to the waiver of immunity in Section 41-4-7.  Consequently, the Court finds that "property damage," as that term is used in Section 41-4-7, does not include loss of use of property.  Because the Second Amended Complaint alleges only economic damages caused by the loss of use of property, see ECF No. 38 ¶ 28 ("AerSale's exclusion from the Zone of Exclusion has harmed, is harming, and will continue harming AerSale's business and causing AerSale damages and threatening AerSale's ability to operate at ROW"); id. ¶ 52 ("Defendants' breaches of their duties of care have caused substantial damages to Plaintiff and, in the case of the exclusion from the Hangar 85 apron, continue to cause substantial damages to Plaintiff"), and does not plausibly allege that Defendants' negligence caused <u>physical</u> damage to person or property, the waiver of immunity provided in Section 41-4-7 is inapplicable to Plaintiff's negligence claim.  Therefore, Defendants are entitled to sovereign immunity as to Plaintiff's negligence claim.  See <u>Hunt</u>, 951 F. Supp. 2d at 1242.

Because Defendants are entitled to immunity as to Plaintiff's negligence claim, Count IV must be dismissed without prejudice.  See <u>Rural Water & Sewer Solid Waste Mgmt. v. City of Guthrie</u>, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011) ("[A] dismissal on sovereign immunity grounds . . . must be without prejudice.").

### IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. Defendants City of Roswell and Scott Stark's Partial Motion to Dismiss Concerning Plaintiff's Negligence Claim, ECF No. 42, is **GRANTED**; and

2. Count IV of the Second Amended Complaint is **DISMISSED without prejudice**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE