IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AERSALE, INC.,

    Plaintiff,

v.

                                                  Case No. 2:22-cv-00218-MIS-DLM

THE CITY OF ROSWELL,
NEW MEXICO,
STEPHEN CHRISTOPHER, and
SCOTT STARK,

    Defendants.

**ORDER GRANTING DEFENDANT STEPHEN CHRISTOPHER'S RENEWED MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF QUALIFIED IMMUNITY**

THIS MATTER is before the Court on Defendant Stephen Christopher's Renewed Motion for Summary Judgment on the basis of Qualified Immunity, ECF No. 180, filed October 11, 2024. Plaintiff AerSale, Inc. filed a Response on November 1, 2024, ECF No. 183, to which Mr. Christopher filed a Reply on November 15, 2024, ECF No. 185. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Motion.

**I.    BACKGROUND**[1]

AerSale, Inc. ("AerSale") is a global supplier of aftermarket commercial jet aircraft, engines, and parts that also offers maintenance, repair, overhaul, and engineering services. Second Am. Compl., ECF No. 38 ¶ 6. The City of Roswell, New Mexico ("the City") owns and operates the Roswell Air Center ("ROW"), an airport in Chaves County, New Mexico. Id. ¶ 7. AerSale

---

[1] Unless otherwise noted, the information contained in this section is derived from AerSale's Second Amended Complaint and is provided solely to frame the issues raised by Mr. Christopher's Motion for Summary Judgment.

and the City are parties to a Lease Agreement, dated May 9, 2019, respecting Hangar No. 85 at ROW, which AerSale has leased from the City for at least twelve years. Id. ¶ 9.

During the relevant period, Mr. Christopher was the Deputy Director of ROW. Id. ¶ 11. In February 2022, Mr. Christopher

> effected a search of and raid on AerSale by airport security personnel at areas of AerSale's business at ROW where AerSale had a reasonable expectation of privacy and effected a lockout of AerSale, preventing AerSale from conducting operations at ROW, by suspending all AerSale employee badges and notifying AerSale that no AerSale employee was allowed in any AOA [Air Operations Area] area at ROW.

Id. This was allegedly done in concert with, by agreement with, and at the direction of ROW's Director, Scott Stark. Id. The lockout shut down AerSale's business for a time, resulting in a loss of revenue of approximately $123,000, preventing AerSale from fulfilling its contractual obligations to customers, and causing the performance of its contracts with customers to be more expensive and burdensome. Id. ¶ 12. AerSale alleges that the security concerns Mr. Christopher used to justify the search were unfounded, and that the search was not required or justified under any law, regulation, or ROW's security plan. Id. ¶¶ 13-15.

## II.   RELEVANT PROCEDURAL HISTORY

On February 27, 2023, AerSale filed the operative Second Amended Complaint against the City, Mr. Christopher, and Mr. Stark. ECF No. 38. The only claims that remain against Mr. Christopher are:

- Count I to the extent it alleges a claim under 42 U.S.C. § 1983 for violation of AerSale's constitutional right to be free from unreasonable searches and seizures and constitutional right to procedural due process; and

2

- Count II to the extent it alleges a claim under 42 U.S.C. § 1983 for conspiracy to violate AerSale's right against unreasonable searches and seizures and right to procedural due process.

See ECF No. 178 at 7.[2]  On October 11, 2024, Mr. Christopher filed the instant Renewed Motion for Summary Judgment on the Basis of Qualified Immunity.  ECF No. 180.  AerSale filed a Response, ECF No. 183, to which Mr. Christopher filed a Reply, ECF No. 185.

## III.   LEGAL STANDARDS

### a)   Rule 56

Rule 56 of the Federal Rules of Civil Procedure allows summary judgment when the evidence submitted by the parties establishes that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the movant meets this burden, the nonmovant is required to point the court to record evidence of facts showing that there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-52 (1986).  A fact is "material" if under the substantive law it is essential to the proper disposition of the claim.  Id. at 248.  "An issue is 'genuine' if there is sufficient evidence on each side so that a

---

[2]   The Court previously dismissed the other Counts asserted against Mr. Christopher.  See ECF No. 92 (dismissing Count IV); ECF No. 178 (dismissing Counts I and II in part and dismissing Counts III, V, and VI in their entirety).  The Court has either dismissed or granted judgment on the pleadings as to all claims against Mr. Stark and, as such, has terminated him from this action.  See ECF Nos. 92, 151.  The Court has granted the City judgment on the pleadings as to Counts I, II, and III, ECF No. 151, and has dismissed Count IV, ECF No. 92, but has found that Counts V and VI may proceed against the City, ECF No. 151 at 36-42.

rational trier of fact could resolve the issue either way." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).

The nonmoving party cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment. See Pueblo Neighborhood Health Ctrs., Inc. v. Losavio, 847 F.2d 642, 649 (10th Cir. 1988). Rather, the nonmovant has a responsibility to "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [their] case in order to survive summary judgment." Johnson v. Mullin, 422 F.3d 1184, 1187 (10th Cir. 2005) (quoting McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998)).

It is not the court's role to weigh the evidence or assess the credibility of witnesses in ruling on a motion for summary judgment. See Daniels v. United Parcel Serv., Inc., 701 F.3d 620, 627 (10th Cir. 2012), abrogated on other grounds by Muldrow v. City of St. Louis, 601 U.S. 346, 355 (2024). Rather, the court resolves all doubts against the movant, construes all admissible evidence in the light most favorable to the nonmovant, and draws all reasonable inferences in favor of the nonmovant. See Hunt v. Cromartie, 526 U.S. 541, 551-52 (1999); see also Garrison v. Gambro, Inc., 428 F.3d 933, 935 (10th Cir. 2005). However, summary judgment may nevertheless be granted where "the evidence is merely colorable, or is not significantly probative." Liberty Lobby, Inc., 477 U.S. at 249-50 (internal citations omitted).

**b)    Qualified Immunity**

The doctrine of qualified immunity protects government officials sued in their individual capacity from liability for monetary damages unless their actions violate a "clearly established" statutory or constitutional right. City of Escondido v. Emmons, 586 U.S. 38, 42 (2019) (quoting Kisela v. Hughes, 584 U.S. 100, 104 (2018)). A right is clearly established only when, at the time

of the challenged conduct, "the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he [or she] was violating it." Plumhoff v. Rickard, 572 U.S. 765, 778–79 (2014).

"A plaintiff can demonstrate that a constitutional right is clearly established 'by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits.'" Gann v. Cline, 519 F.3d 1090, 1092 (10th Cir. 2008) (quoting Anderson v. Blake, 469 F.3d 910, 914 (10th Cir. 2006)). "The rule must be settled law, which means it is dictated by controlling authority or a robust consensus of cases of persuasive authority." District of Columbia v. Wesby, 583 U.S. 48, 63 (2018) (internal citations and quotation marks omitted). Although the plaintiff is not required to identify a case "perfectly on-point[,]" Quinn v. Young, 780 F.3d 998, 1005 (10th Cir. 2015), "existing precedent must have placed the statutory or constitutional question beyond debate." Kisela, 584 U.S. at 104 (quoting White v. Pauly, 580 U.S. 73, 79 (2017)). Clearly established law cannot be defined "at a high level of generality"; rather, it must be particularized to the facts of the case. Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011); see also Anderson v. Creighton, 483 U.S. 635, 640 (1987). But "officials can still be on notice that their conduct violates established law even in novel factual circumstances." Quinn, 780 F.3d at 1005 (quoting Cortez v. McCauley, 478 F.3d 1108, 1115 (10th Cir. 2007)). The dispositive question is whether the unlawfulness of the official's actions was apparent in light of pre-existing law. See Creighton, 483 U.S. at 640.

When a defendant asserts qualified immunity at the summary judgment stage, "the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right, and (2) the constitutional right was clearly established." Kapinski v. City of Albuquerque, 964 F.3d 900, 905 (10th Cir. 2020) (quoting Koch v. City of Del City, 660 F.3d 1228, 1238 (10th Cir. 2011)). The

5

court may address these two inquiries in any order. Pearson v. Callahan, 555 U.S. 223, 236 (2009); McCowan v. Morales, 945 F.3d 1276, 1282 (10th Cir. 2019). If the plaintiff fails to satisfy either part of the test, the court must grant qualified immunity. McCowan, 945 F.3d at 1282 (quoting Est. of Ceballos v. Husk, 919 F.3d 1204, 1212-13 (10th Cir. 2019)). If the plaintiff succeeds, then—and only then—does the defendant bear the traditional burden of the movant for summary judgment. Kapinski, 964 F.3d at 905 (quoting Koch, 660 F.3d at 1238).

### IV. UNDISPUTED MATERIAL FACTS[3]

On February 3, 2022, Deputy Director of the Roswell Air Center ("ROW"), Stephen Christopher, conducted a warrantless search of Hangar 85 at ROW, which AerSale leases from the City. Pl.'s Add'l Facts ¶¶ C, D. During the search, Mr. Christopher seized the Air Operations Area ("AOA") badges of all AerSale employees present and immediately suspended AOA access for all AerSale employees. Id. ¶ E. The lockout put AerSale out of business during the lockout. Id. ¶ F. ROW's Airport Security Program ("ASP") has no provision permitting the City or its employees to conduct warrantless searches of leased premises at ROW.[4] Id. ¶ G.

---

[3] The following facts are gleaned from AerSale's statement of Additional Material Facts, which is incorporated in its Response to Mr. Christopher's Motion for Summary Judgment. ("Pl.'s Add'l Facts") ECF No. 183 at 10-14. AerSale objected to all of the Exhibits filed in support of Mr. Christopher's Statement of Undisputed Material Facts, ECF No. 180 at 4-6, arguing that they constitute inadmissible hearsay, inadmissible evidence of subsequent remedial measures, and inadmissible evidence of compromise negotiations, ECF No. 183 at 4-8. Mr. Christopher argues that three of the exhibits are admissible under Federal Rule of Evidence 803(6) as records of regularly conducted business activities, and four of the exhibits are admissible as documents produced by a party opponent "and to show that Plaintiff was on notice that their actions needed correcting, otherwise, The City of Roswell would take some sort of action." ECF No. 185 at 1-2. The Court need not resolve the evidentiary issues AerSale raises because even under AerSale's version of the relevant material facts—resolving all doubts against Mr. Christopher, construing all admissible evidence in the light most favorable to AerSale, and drawing all reasonable inferences in favor of AerSale—Mr. Christopher is entitled to summary judgment.

Although Mr. Christopher purports to dispute each of the facts stated in this section, see id. at 2-4, he fails to properly support the dispute under Federal Rule of Civil Procedure 56(c)(1) and Local Rule 56.1(b). Consequently, the Court deems all of the facts stated in this section to be undisputed. See Fed. R. Civ. P. 56(e)(2); D.N.M.LR-Civ. 56.1(b).

[4] Although immaterial to the Court's disposition, it appears undisputed that if the inside of Hangar 85 was within the AOA, then it would have been subject to ROW's ASP security measures pursuant to 49 C.F.R. § 1540.5.

## V. DISCUSSION

Mr. Christopher argues that he is entitled to summary judgment because AerSale cannot demonstrate that he violated any clearly established law under 42 U.S.C. § 1983 or that he conspired to do so. ECF No. 180 at 9. He argues that there is no United State Supreme Court or Tenth Circuit precedent holding that his conduct constitutes an unreasonable search and seizure or violates procedural due process protections. Id. at 9-10. He further argues that his conduct does not constitute an unreasonable search and seizure or violate procedural due process protections.[5] Id. at 10-13. As to the search and seizure, Mr. Christopher concedes that AerSale had a reasonable expectation of privacy in Hangar 85, but argues that the "expectation of privacy is different from and less than an expectation in a plaintiff's home because they conduct business within a heavily or 'closely regulated' business." Id. at 10 (quoting Big Cats of Serenity Springs, Inc. v. Rhodes, 843 F.3d 853, 865 (10th Cir. 2016)). As such, he argues that a warrantless search of Hangar 85 was not a per se Fourth Amendment violation, id. (citing Big Cats, 843 F.3d at 865), and that his search of Hangar 85 was reasonable under the Supreme Court's framework in New York v. Burger, 482 U.S. 691, 702-03 (1987), id. at 11. Mr. Christopher further argues that because public safety was at issue, confiscating AerSale employees' badges without a pre-deprivation hearing did not violate AerSale's procedural due process rights. Id. at 12-13 (citing Contreras v. City of Chicago, 920 F. Supp. 1370, 1393 (N.D. Ill. 1996)). He further argues that the City suspended the badges, and therefore he cannot be liable for that act. Id. at 13.

---

[5] Mr. Christopher further argues that Plaintiff has produced no evidence to support a conspiracy claim under 42 U.S.C. § 1985(3), but this argument is irrelevant because the Court has dismissed Plaintiff's claims under 42 U.S.C. § 1985 (i.e., those asserted in Count III). ECF No. 151 at 28-33, 42; ECF No. 178 at 6-8. The surviving conspiracy claims (i.e., those asserted in Count II) are asserted under 42 U.S.C. § 1983. See ECF No. 38 ¶¶ 41-42.

AerSale initially argues that Mr. Christopher has failed to demonstrate that he enjoys qualified immunity as Deputy Director of the Roswell Air Center because (1) he has not cited a "common-law counterpart[,]" ECF No. 183 at 14; (2) he has failed "to explain how his actions fit within the scope of any recognized privilege[,]" id. at 15; (3) he has failed to "meet his burden to demonstrate initially that his job entailed discretionary functions and that his search of Hangar 85, badge seizures, and suspension of AerSale's AOA access were acts within those discretionary functions[,]" id.; and (4) he "was plainly incompetent or knowingly violated the law" because "[t]he ASP clearly placed Hangar 85 outside of the AOA, and either Defendant did not now [sic] the contents of the ASP, i.e. was incompetent to enforce it, or he willfully ignored it[,]" id. AerSale further argues that Mr. Christopher violated its Constitutional rights to be free from unreasonable searches and seizures. Id. at 16-19. In this regard, AerSale argues that Mr. Christopher failed to produce evidence or authority that AerSale's operations in Hangar 85 "are heavily or closely regulated[,]" id. at 17, and even if they are, Mr. Christopher has failed to establish that a warrantless search was reasonable under the Burger test, id. at 18-19. AerSale further argues that Mr. Christopher violated its procedural due process rights by confiscating its badges, banning its employees from accessing the AOA, and depriving it of its right to do business without sufficient notice or a prior opportunity to be heard, and that post-deprivation remedies are insufficient. Id. at 19-20 (citing Cross Continent Dev., LLC v. Town of Akron, 742 F. Supp. 2d 1179, 1187 (D. Colo. 2010)). AerSale further argues that when the challenged conduct occurred in 2022, "it was clearly established that a warrantless search of a business is a violation of the Fourth Amendment." Id. at 20 (citing Marshall v. Barlow's, Inc., 436 U.S. 307, 312 (1978); Big Cats, 843 F.3d at 865; Mimics, Inc. v. Village of Angel Fire, 394 F.3d 836, 844 (10th Cir. 2005)). It further argues that "[i]t was also clearly established that revocation of a license necessary to do business without any

8

opportunity for hearing was a violation of due process under the Fourteenth Amendment." Id. at 21 (citing Bell v. Burson, 402 U.S. 535, 539 (1971); Mem. Op. & Order at 14, Critical Air Response Enters., LLC v. N.M. Dep't of Health, Case No. 1:12-cv-356 WDS/ACT, (D.N.M. Nov. 28, 2012), ECF No. 40).[6]

In his Reply, Mr. Christopher argues that as Deputy Director of a city-owned airport, he is a government official entitled to qualified immunity. ECF No. 185 at 5-6. Mr. Christopher further argues that AerSale failed to cite any precedential case law clearly establishing that his conduct violated AerSale's constitutional rights. Id. at 6-9.

As an initial matter, the Court finds that as a government official, Mr. Christopher enjoys qualified immunity from liability for actions that do not violate clearly established constitutional rights. The Court rejects AerSale's argument that Mr. Christopher is required to identify a common-law counterpart to establish that he, as Deputy Director of a city-owned airport, enjoys qualified immunity. In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the Supreme Court "completely reformulated qualified immunity along principles not at all embodied in the common law," establishing an objective standard that looks to the "legal reasonableness of the official action." Creighton, 483 U.S. at 645. This standard applies "across the board," Harlow, 457 U.S. at 821 (Brennan, J., concurring), to all "government officials performing discretionary functions[,]" id. at 818 (majority opinion).[7] See also Creighton, 483 U.S. at 645 ("Harlow clearly expressed the

---

[6] AerSale further argues that Mr. Christopher "is not entitled to summary judgment on Plaintiff[']s claim under 42 U.S.C. § 1985[,]" ECF No. 183 at 21, but this argument is irrelevant because the Court has dismissed Plaintiff's claims under 42 U.S.C. § 1985 (i.e., those asserted in Count III). ECF No. 151 at 28-33, 42; ECF No. 178 at 6-8. The surviving conspiracy claims (i.e., those asserted in Count II) are asserted under 42 U.S.C. § 1983. See ECF No. 38 ¶¶ 41-42.

[7] "Outside of qualified immunity, the 'general approach' remained the same: a court first determines 'whether an official claiming immunity under § 1983 can point to a common-law counterpart to the privilege he asserts'; if a sufficiently analogous counterpart exists, the court is then to 'consider[ ] whether § 1983's history or purposes nonetheless counsel against recognizing the same immunity in § 1983 actions.'" Diamond v. Pa. State Educ.

understanding that the general principle of qualified immunity it established would be applied 'across the board.'").

The Court further rejects AerSale's argument that to enjoy qualified immunity Mr. Christopher must "explain how his actions fit within the scope of any recognized privilege." ECF No. 183 at 15. Such a requirement is not part of the qualified immunity framework. See Est. of Booker v. Gomez, 745 F.3d 405, 411 (10th Cir. 2014) ("[W]hen a defendant asserts qualified immunity, the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." (quoting Cillo v. City of Greenwood Village, 739 F.3d 451, 459 (10th Cir. 2013))).

The Court further rejects AerSale's argument that Mr. Christopher was required to "demonstrate initially that his job entailed discretionary functions and that his search of Hangar 85, badge seizures, and suspension of AerSale's AOA access were acts within those discretionary functions." ECF No. 183 at 15. The Tenth Circuit has never adopted such a requirement, and, in fact, has expressed reluctance to do so. See Stanley v. Gallegos, 852 F.3d 1210, 1215 (10th Cir. 2017) (observing that the Tenth Circuit has never adopted the so-called "scope-of-authority" exception to qualified immunity—i.e., no qualified immunity for government officials acting outside their discretionary authority when the alleged wrongful acts occurred—and stating that the court "should be quite circumspect before embracing it"); see also id. at 1219-28 (Holmes, J., concurring in the judgment) (arguing that the "scope-of-authority" exception should not be adopted by the Tenth Circuit because it is inconsistent with the Supreme Court and Tenth Circuit's two-part

---

Ass'n, 972 F.3d 262, 276 (3d Cir. 2020) (Fisher, J., concurring in the judgment) (alteration in original) (quoting Malley v. Briggs, 475 U.S. 335, 339-40 (1986)).

qualified immunity framework which looks to (1) whether the government official violated the plaintiff's constitutional rights and (2) whether the right was clearly established).

Finally, AerSale cannot defeat Mr. Christopher's assertion of qualified immunity simply by arguing that he "was plainly incompetent or knowingly violated the law" because "[t]he ASP clearly placed Hangar 85 outside of the AOA, and either Defendant did not now [sic] the contents of the ASP, i.e. was incompetent to enforce it, or he willfully ignored it." ECF No. 183 at 15. Rather, to carry its burden, AerSale must establish that "it would have been clear to a reasonable officer that the alleged conduct 'was unlawful in the situation he confronted.'" Apodaca v. Raemisch, 864 F.3d 1071, 1080 (10th Cir. 2017) (quoting Ziglar v. Abbasi, 582 U.S. 120, 152 (2017)). To meet this standard, AerSale "must point to a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Gutierrez v. Cobos, 841 F.3d 895, 900 (10th Cir. 2016) (quoting Callahan v. Unified Gov't, 806 F.3d 1022, 1027 (10th Cir. 2015)). Although the Supreme Court's "caselaw does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." Kisela, 584 U.S. at 104 (quoting White, 580 U.S. at 79).

Even assuming arguendo that Mr. Christopher's actions violated AerSale's right to be free from unreasonable searches and seizures and right to procedural due process, AerSale has failed to cite any U.S. Supreme Court or Tenth Circuit case law—or case law from any other court— clearly establishing those rights. First, AerSale has cited no prior cases holding that a business's right to be free from unreasonable searches and seizures is violated when the deputy director (or any other employee) of a city-owned airport conducts a warrantless search of the hangar that the business leases from the city. Rather, AerSale merely generally states that when the challenged

11

conduct occurred in 2022, "it was clearly established that a warrantless search of a business is a violation of the Fourth Amendment." ECF No. 183 at 20 (citing Marshall, 436 U.S. at 312; Big Cats, 843 F.3d at 865; Mimics, 394 F.3d at 844). However, this is precisely the "high level of generality" at which "clearly established" may not be defined for purposes of the qualified immunity analysis. See, e.g., Creighton, 483 U.S. at 640 (holding that the court of appeals defined "clearly established" at too high a level of generality when it found that the right the government official "was alleged to have violated—the right to be free from warrantless searches of one's home unless the searching officers have probable cause and there are exigent circumstances—was clearly established"). And "while general statements of law can sometimes provide fair warning that certain conduct is unconstitutional" for qualified immunity purposes, "they only do so if they apply with obvious clarity to the specific conduct in question." Halley v. Huckaby, 902 F.3d 1136, 1157 (10th Cir. 2018) (internal quotation marks and citation omitted). "General legal standards therefore rarely clearly establish rights." Id. (quoting Redmond v. Crowther, 882 F.3d 927, 939 (10th Cir. 2018)). The general principle that a warrantless search of a business violates the Fourth Amendment does not clearly establish that an airport official's warrantless search of an airport hangar violates the lessee's right to be free of unreasonable searches and seizures. See Creighton, 483 U.S. at 641 ("It simply does not follow immediately from the conclusion that it was firmly established that warrantless searches not supported by probable cause and exigent circumstances violate the Fourth Amendment that Anderson's search was objectively legally unreasonable."); see also Kisela, 584 U.S. at 104 ("[S]pecificity is especially important in the Fourth Amendment context . . . .") (alteration in original) (quoting Mullenix v. Luna, 577 U.S. 7, 12 (2015)).

Nor has AerSale cited any prior cases holding that a business's right to procedural due process is violated when a government official confiscates its employees' airport security badges

and/or suspends its employees' airport security clearances. Rather, AerSale merely states that when the challenged conduct occurred in 2022, it was "clearly established that revocation of a license necessary to do business without any opportunity for hearing was a violation of due process under the Fourteenth Amendment." ECF No. 183 at 21 (citing Bell, 402 U.S. at 539; Mem. Op. & Order at 14, Critical Air). However, that general principle does not clearly establish that an airport official's confiscation of the security badges of an airport tenant's employees, or the suspension of those employees' airport security credentials, violates the tenant's procedural due process rights. Although "[a] plaintiff need not show 'the very act in question previously was held unlawful in order to establish an absence of qualified immunity[,]'" Gutierrez, 841 F.3d at 900 (quoting Weigel v. Broad, 544 F.3d 1143, 1153 (10th Cir. 2008)), AerSale has failed to cite any case law that, by analogy, "placed the . . . constitutional question beyond debate[,]" id. (quoting City & County of San Francisco v. Sheehan, 575 U.S. 600, 611 (2015)).

For these reasons, even assuming that Mr. Christopher violated AerSale's constitutional rights, AerSale has failed to meet its burden of showing that those rights were clearly establish at the time of the challenged conduct. Therefore, Mr. Christopher is entitled to qualified immunity as to AerSale's claims under 42 U.S.C. § 1983 asserted in Count I.

Finally, because Mr. Christopher is entitled to qualified immunity on AerSale's Fourth and Fourteenth Amendment claims based on the absence of clearly established law, it necessarily follows that he is also entitled to qualified immunity on the Section 1983 conspiracy claim insofar as it alleges a conspiracy to violate the Fourth and Fourteenth Amendments. Frasier v. Evans, 992 F.3d 1003, 1024 (10th Cir. 2021) ("[T]here was no clearly established law that the alleged object of the officers' conspiracy was actually unconstitutional under the First Amendment, and, consequently, the officers are entitled to qualified immunity for any such conspiracy.");

Vanlandingham v. City of Oklahoma City, Case No. CIV-22-209-D, 2023 WL 3575627, at *6 (W.D. Okla. May 19, 2023) ("Because [the defendants] are entitled to qualified immunity on Plaintiff's Fourth Amendment claims based on the absence of clearly established law, it necessarily follows that they are also entitled to qualified immunity on his conspiracy claim insofar as it alleges a conspiracy to violate the Fourth Amendment." (citation and internal quotation marks omitted)); Seymour v. Garfield County, 580 F. Supp. 3d 1039, 1059 (D. Utah 2022) (dismissing section 1983 conspiracy claim because the plaintiffs failed to "cite any case law with comparable facts to show that [the defendant's] alleged actions violated the [plaintiffs'] clearly established right").

## VI. CONCLUSION

Therefore, it is **HEREBY ORDERED** that:

1. Defendant Stephen Christopher's Renewed Motion for Summary Judgment on the Basis of Qualified Immunity, ECF No. 180, is **GRANTED**;
2. Mr. Christopher is **TERMINATED** from this case; and
3. The Parties shall have **FOURTEEN DAYS** from the date of this Order to schedule a settlement conference with United States Magistrate Judge Damian Martinez.

*/s/ Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE